**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

JUN 18 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 17-10124 |
| Plaintiff-Appellee, | 17-10126 |
| v. | D.C. Nos. 4:16-cr-01124-RCC |
| | 4:13-cr-00693-RCC |
| GUADALUPE RAMOS-AGUILAR, a.k.a. Vicente Aguilar Barrajas, a.k.a. Alberto Lemus, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, Chief Judge, Presiding

Submitted June 12, 2018[**]

Before: RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

In these consolidated appeals, Guadalupe Ramos-Aguilar appeals the

aggregate 58-month sentence imposed following his guilty-plea conviction for

reentry of a removed alien, in violation of 8 U.S.C. § 1326, and his admission that

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

he violated the terms of his supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Ramos-Aguilar first contends that the district court procedurally erred by failing to address his arguments in support of a downward variance. The court did not plainly err. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010). The court considered Ramos-Aguilar's individualized circumstances and mitigating arguments, explaining that his motive argument was not "a good one," and that deterrence was an important consideration. It was not required to say more. *See United States v. Petri*, 731 F.3d 833, 842 (9th Cir. 2013) (district court need not "detail its evaluation of every assertion made to support [defendant's] argument during sentencing" as long as it makes clear that the parties' arguments have been heard and a reasoned decision made).

Ramos-Aguilar also contends that his sentence is substantively unreasonable. The district court did not abuse its discretion. *See United States v. Autery*, 555 F.3d 864, 871 (9th Cir. 2009). The court considered Ramos-Aguilar's mitigation arguments and determined that they were insufficient to warrant the significant downward variance he sought in light of how quickly he returned to the United States. The below-Guidelines sentence is substantively reasonable in light

of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances.

*See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

**AFFIRMED.**